## Pestcoe v. Pestcoe

*L. Mamolen*, for plaintiff.

*H. M. Berkowitz* and *H. N. Brenner*, for defendant.

SMITH, P. J., September 25, 1950.—Libellant has filed a petition for master's fee and costs in the sum of $125. The action is for a divorce a mensa et thoro.

The complaint in divorce was issued on December 21, 1949, and was duly served on respondent. No appearance was entered for respondent and no answer was filed to the libel. On January 11, 1950, the court allowed a rule to show cause why respondent should not pay libellant alimony pendente lite and counsel fees; and on January 23, 1950, the court made absolute the rule on behalf of libellant in the sum of $25 a week for alimony pendente lite.

Libellant then on August 2, 1950, filed the present petition asking for a master's fee and costs in the sum of $125. Respondent filed an answer to this petition in which it is stated that after respondent had been served with the libel in divorce, an oral agreement was entered into between him and libellant by her counsel, Leopold Mamolen, wherein libellant agreed to take no further legal proceedings in this divorce action if respondent would agree to the terms of a settlement proposed to him by libellant. The answer avers that respondent agreed to the settlement and confirmed the same by a letter signed by him and dated January 17, 1950, as follows:

"Leopold Mamolen, Esq.
4th & Lombard Streets
Philadelphia 47, Pa.

"Dear Mr. Mamolen:

"In connection with the hearing on the petition for Support filed by my wife, Yetta Pestcoe, I authorize you to make the following statement to the Court, and I agree to provide the following things for my wife as long as I shall be able to do so: As long as I am employed by American Stores, any changes I will then do my best.

"1. I agree to pay my wife the sum of $25.00 weekly for her maintenance and support and the 2 children.

"2. I agree to supplement the family larder with such food and supplies as may be required from Monday to Friday of each week.

"3. I agree to install an adequate heating system in No. 1420 North 7th Street, where we now reside, within six months from the date hereof.

"4. I agree to procure the necessary medical care for my wife and to pay all medical and doctor bills.

"5. I agree to procure artificial limbs for my wife, as well as instruction in their use, as soon as her doctor will advise that she is ready for them.

"6. I agree to provide the services of a domestic for general housekeeping and assistance to my wife as long as necessary at a cost of not more than $20.00 per week, only when I am employed and able to meet all expenses.

> "Yours very truly,
> "(s)   Morris Pestcoe
> 1420 North 7th Street"

It will be observed that the letter contains no reference to any discontinuance of the action of divorce. However the answer of respondent contains this averment, and no depositions were taken to determine the truth of the averment.

It seems to the court that this question should be properly clarified before the matter of a master's fee and costs should be considered. Respondent, if the court finds he had been lulled into any insecurity by any alleged parol agreement, should be permitted to file an answer on the merits. The court in its equity powers may upon application grant such permission after the depositions have been taken, filed and studied by the court.

It would therefore appear that the petition for the payment of a master's fee and costs is at this time premature.

### Order

And now, to wit, September 25, 1950, the petition of libellant is dismissed without prejudice to her right to file another petition for master's fee and costs after the filing of depositions on the matter of the alleged parol agreement to discontinue.